UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| KENNETH TELFAIR NEWSOME II, | ) | |
|---|---|---|
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV408-004 |
| | ) | [underlying CR404-309] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Kenneth Newsome has moved to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. (Doc. 1.)[1] The government has responded in opposition to the motion. (Doc. 6.) For the following reasons, Newsome's motion should be **DENIED**.

## I. BACKGROUND

On August 19, 2004, Newsome, a convicted felon, was arrested as a suspect in the non-fatal shooting of his wife and fifteen-month-old son,

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV408-004. "Cr. Doc." refers to documents filed under movant's criminal case, CR404-309.

which had occurred a few days earlier.[2] United States v. Newsome, 475 F.3d 1221, 1222 (11th Cir. 2007). On December 8, 2004, a federal grand jury indicted Newsome on one count of unlawful possession of a firearm by a convicted felon. (Cr. Doc. 1.) The indictment was twice superseded. (Cr. Docs. 28 & 37.) The third and final indictment mirrored the first, charging Newsome with a single count of unlawful possession of a firearm by a convicted felon. (Cr. Doc. 37.) A jury found Newsome guilty, and he was sentenced to 120 months' imprisonment and three years' supervised release. (Cr. Docs. 58 & 68.) Newsome appealed on February 9, 2006. (Cr. Doc. 69.) On April 20, 2007, the Eleventh Circuit affirmed his conviction and sentence. Newsome, 475 F.3d at 1227-28.

Newsome is currently incarcerated at Macon State Prison in Oglethorpe, Georgia, serving a state sentence. (Doc. 1 at 1.) His timely 28 U.S.C. § 2255 motion was filed on January 15, 2008, asserting that:

---

[2] In state court, Newsome was convicted of aggravated stalking, cruelty to a child, possession of a firearm during the commission of a felony, and two counts of aggravated assault. Newsome v. State, 657 S.E.2d 540, 542 (Ga. Ct. App. 2008). The state trial judge originally sentenced him to 35 years' imprisonment and 40 years' probation, to be served consecutively to his federal sentence. Id. The trial judge amended the sentence upon determining that the count charging aggravated assault upon his son merged with the count of cruelty to children. Id. His present sentence is 15 years' imprisonment and 40 years' probation. (Doc. 1 at 7.)

(1) counsel was ineffective for failing to adequately consult with him, investigate the facts, and present his requested defense;

(2) the conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defendant;

(3) the conviction was obtained by the use of perjured testimony; and

(4) the conviction was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure and a <u>Miranda</u> violation.

(<u>Id.</u> at 5-6.) The government responded in opposition to Newsome's motion on July 30, 2008. (Doc. 13.)

## II. ANALYSIS

### A. Ground 1

Newsome raises three grounds of ineffective assistance of counsel. (Doc. 1 at 4.) In most cases, the Court would apply the framework established in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), to determine whether Newsome's counsel was ineffective. Under that framework, he must first demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth

Amendment." Id. Second, he must demonstrate that the defective performance prejudiced his defense to such a degree that the results of the trial cannot be trusted. Id. In this case, however, the Court cannot apply the Strickland framework, as Newsome has not provided the Court with any facts in support of his allegations. (Doc. 1 at 4.)

Newsome alleges that counsel did not adequately investigate the case, but he provides no indication of how the investigation was inadequate or how the allegedly deficient investigation prejudiced his defense. (Id. at 4; Doc. 15 at 2.) He next contends that counsel failed to sufficiently consult with him, but again, he provides no details supporting his claim. (Doc. 1 at 4.) Finally, Newsome alleges that counsel failed to present his requested defense, yet he does not state what defense he requested. (Id.) Such conclusory allegations, devoid of factual support, are simply insufficient to obtain relief under § 2255. See Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (citing Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991)); see also Rodriguez v. United States, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to

establish truth of his claims beyond bare conclusory allegations).[3] Because Newsome's petition is absolutely devoid of any factual allegations or citations to the record that would support his contentions, Newsome is not entitled to relief on any of his claims of ineffective assistance of counsel.

## B. Grounds 2 and 3

Newsome contends in grounds 2 and 3 of his § 2255 motion that his conviction was obtained by the prosecution's withholding of evidence and the use of perjured testimony. (Doc. 1 at 4.) He did not raise those claims on appeal. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting the claim in a § 2255 proceeding."[4] Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004). Consequently, the grounds are procedurally barred unless Newsome can

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981. Consequently, Rodriguez is binding Eleventh Circuit precedent.

[4] Although Newsome's ineffective assistance of counsel claims were not raised on appeal, they are not procedurally barred. Because of the unique aspect of such claims, "an ineffective assistance of counsel claim may be brought in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003).

establish cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error. Lynn, 365 F.3d at 1234 (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). Newsome alleges that he did not present his claims to the Eleventh Circuit because his appellate counsel was ineffective. (Doc. 1 at 6.) "[C]onstitutionally '[i]neffective assistance of counsel . . . is cause" for excusing a procedural default. McCleskey v. Zant, 499 U.S. 467, 494 (1991) (citations omitted). Accordingly, if the Court finds that counsel performed ineffectively in failing to raise grounds 2 and 3, it must next determine if counsel's error prejudiced his defense. If movant establishes both cause and prejudice, thereby excusing the default, the underlying substantive claims must be reviewed.[5]

---

[5] A procedural default may also be excused on the grounds of actual innocence. Lynn, 365 F.3d at 1234. Newsome has consistently argued that he is innocent of the crime for which he was convicted. (Cr. Doc. 74 126, 141-43; Cr. Doc. 75 at 6; Doc. 15 at 3.) The actual innocence standard is exceedingly narrow, however. "To meet this standard, a movant must show that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). Actual innocence refers to factual innocence, not mere legal insufficiency. Bousley v. United States, 523 U.S. 614, 623-24 (1998) (quotations and citations omitted). The Supreme Court has indicated that a movant must present "new reliable evidence" establishing that "it is more likely than not that no reasonable juror would have found [movant] guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 536-37 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

Here, all that the government needed to prove at trial was that Newsome was a convicted felon, he knowingly possessed a firearm, and the firearm was in or affected intestate commerce. E.g., United States v. Burrell, 227 F. App'x 827, 828 (11th Cir.

As before, Newsome presents the Court with few facts in support of his contentions. He states that the prosecution committed <u>Brady</u> violations, but he does not provide any indication of what evidence they withheld or how it would have exculpated him. (Doc. 1 at 4; Doc. 15 at 2.) He conclusorily alleges that April Worthy, the government's primary witness, gave false testimony leading to his conviction and denies that he "committed acts of violence against her."[6] (<u>Id.</u>) He simply has not provided the Court with enough facts to determine whether counsel performed deficiently by failing to raise these claims or if any deficient performance acted to prejudice him. <u>Strickland</u>, 466 U.S. at 687; <u>see</u> <u>Caderno</u>, 256 F.3d

---

2007). Newsome stipulated that he was a felon, and the government established that the firearm moved in interstate commerce. (Cr. Doc. 73 at 27, 86, 93.) As to the second element, knowing possession, Newsome's wife's testimony was exceedingly compelling. At trial, she positively identified Newsome and testified that on August 16, 2004, he approached her while carrying a firearm. (<u>Id.</u> at 36-47.) At sentencing, she testified that Newsome is "living in a fairy tale saying he didn't do it. . . . I can never forget what happened. I can just replay it over and over again in my mind. I'll never forget how he drove up in front of the house, how he got out that car, put the car in park and ran up to my driveway with a gun to try to kill us." (Cr. Doc. 75 at 8.) Newsome argues that this testimony was perjured and that he was the victim of a police conspiracy. But he presents no evidence in support of his claim apart from his own conclusory allegations. (Doc. 74 at 139-40.) With the overwhelming evidence against him and the absolute lack of any evidence supporting his claim of actual innocence, the Court cannot say that "it is more likely than not that no reasonable juror could have found [him] guilty beyond a reasonable doubt." <u>House</u>, 547 U.S. at 536-37.

[6] Newsome, however, was not charged with committing "acts of violence" against Ms. Worthy. He was charged with being a felon in possession of a firearm. (Doc. 6.)

at 1217 (movant is not entitled to habeas relief when his claims are conclusory and unsupported by specifics); see also, Rodriguez, 473 F.2d at 1043. He has not shown that counsel was ineffective, so he cannot move forward on these procedurally defaulted grounds for relief.[7]

## C. Ground 4

In ground 4, Newsome alleges that his conviction was obtained by the use of evidence gained in violation of the Fourth and Fifth Amendments. (Doc. 1 at 6.) Specifically, Newsome contends that the search of the motel room where he was arrested and the seizure of the firearm violated his Fourth Amendment rights. (Id.) He also alleges that the one of the arresting officers asked if there was "anything or anyone in the room that I should know about" before advising him of his Miranda rights. (Id.) The Eleventh Circuit Court of Appeals addressed each of these claims and held

---

[7] In addition, the perjury claim is without merit. "'Not every use of false evidence [at trial] entitles a defendant to [relief].'" Tejada v. Dugger, 941 F.2d 1551, 1556 (11th Cir. 1991) (citing Giglio v. United States, 405 U.S. 150 (1972)). To be entitled to relief, the government must have knowingly used false evidence and that evidence must have been material. Id.; Jacobs v. Singletary, 952 F.2d 1282, 1287 n.3 (11th Cir. 1992) ("We have previously ruled that only knowing use of perjured testimony constitutes a due process violation."). False testimony is material if there is a reasonable likelihood that it could have affected the jury's judgment. Tejada, 941 F.2d at 1556; DeMarco v. United States, 928 F.2d 1074, 1077 (11th Cir. 1991). Newsome does not allege that the government knowingly used perjured testimony. Accordingly, his claim, as presented, is meritless.

that the arresting officer's question was proper under the public safety exception to Miranda and that the search and seizure were proper under the exigent circumstances exception to Fourth Amendment's warrant requirement. Newsome, 475 F.3d at 1224-27. Absent extraordinary circumstances, this Court is precluded from considering claims in a § 2255 motion which were raised and rejected on direct appeal. Davis v. United States, 417 U.S. 333, 342 (1974); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Marshek v. United States, 2006 WL 2036996, at *7 (S.D. Ga. July 18, 2006). Since Newsome does not allege any "extraordinary circumstances" justifying reconsideration of issues previously considered and rejected by the Eleventh Circuit, this claim fails.

## III. CONCLUSION

For the foregoing reasons, Newsome's § 2255 motion should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this <u>22nd</u> day of August, 2008.

/s/ JRSmitt
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA